IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY D. LONDON                                                                PLAINTIFF

v.                                          Case No. 1:21-cv-1025

KYLE MCDANIEL, Sergeant, Camden; NATHAN LANE,
Officer, Camden; BUSH, Sergeant, Camden; STEPHANIE
HOLMES, Nurse, Ouachita County Jail; DOUG WOODS,
Ouachita County Jail; DAVID NORWOOD, Sheriff or
Chief, Ouachita County Jail; C OWENS, Admin./Captain,
Ouachita County Jail; NEVADA COUNTY, AR, "Book-In",
"Nurse Supervisor", "Dentist", "Dentist Assistant",
"Transfer Officer"                                                            DEFENDANTS

## ORDER

Plaintiff Barry D. London filed this 42 U.S.C. § 1983 action *pro se* on May 25, 2021, in

the Eastern District of Arkansas.  ECF No. 2.  He also filed an *in forma pauperis* ("IFP")

application with his Complaint.  ECF No. 1.  The following day, the case was transferred to the

Western District of Arkansas, El Dorado Division.  ECF No. 6.

On May 27, 2021, the Court entered an order directing Plaintiff to submit a second IFP

application to reflect his certificate of account funds from his current place of confinement, the

Arkansas Division of Correction Ouachita River Unit.  ECF No. 8.  The same day, the Court

ordered Plaintiff to file an amended complaint to clarify his claims.  ECF No. 9.  On June 21, 2021,

mail sent to Plaintiff at his address of record was returned as undeliverable indicating "Return to

Sender" with no forwarding address.  ECF Nos. 10, 11.  Currently before the Court is Plaintiff's

failure to keep the Court informed of his address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 3rd day of August, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2